# Exhibit A-2

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED: September 29, 2023 8:32 AM<br>FILING ID: 7885B4ABB9588<br>CASE NUMBER: 2023CV32852 |
| **Plaintiff:** Rodney Stebbins<br><br>**And**<br><br>**Defendants:** City and County of Denver, Commuteair LLC, United Airlines Inc., and Flagship Facility Services Inc. | ▲ **COURT USE ONLY** ▲<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Joseph M. Elio, #14066<br>Skyler Archer, #52819<br>Law One<br>1434 Blake Street, Ste. 200<br>Denver, CO 80202<br>*p:* (303) 831-8313 ‖ *f:* (720) 500-0241<br>jelio@elawone.net ‖ sarcher@elawone.net ‖ | |
| **COMPLAINT FOR DAMAGES** | |

COMES NOW, Plaintiff, Rodney Stebbins, by and through his attorneys, Joseph M. Elio and Skyler Archer of Law One, and respectfully submits the following Complaint and alleges the following:

### GENERAL ALLEGATIONS

1. The Plaintiff, Rodney Stebbins (hereinafter "Plaintiff" or "Mr. Stebbins") is and was a resident of the city of Thornton, county of Adams, state of Colorado at the time of the incident.

2. Upon information and belief, at all times relevant to this action, Defendant City and County of Denver was and is a county government in the State of Colorado, having offices and a business address located at 1437 Bannock St., #353, Denver, Colorado 80202.

3. Upon information and belief, at all times relevant to this action, Defendant Commuteair LLC, doing business as Commuteair was and is a Delaware corporation conducting business in the state of Colorado with a registered agent of Corporation Service Company, 1900 W Littleton Blvd, Ste 200, Littleton, CO 80120.

P a g e | **1**

4. Upon information and belief, at all times relevant to this action, Defendant United Airlines, Inc. was and is a Delaware corporation conducting business in the state of Colorado with a registered agent of C T Corporation System, 7700 E Arapahoe Rd, Suite 220, Centennial, CO 80112.

5. Upon information and belief, at all times relevant to this action, Defendant Flagship Facility Services, Inc. was and is a California corporation conducting business in the State of Colorado with a registered agent of Registered Agents Inc., 1942 Broadway, Ste 314C, Boulder, CO 80302.

6. The incident giving rise to this action occurred on or about March 7, 2022 at Denver International Airport 8500 Pena Blvd, Denver, Colorado (the "Premises").

7. Pursuant to C.R.C.P. 98(c)(5), venue is proper because the tort giving rise to this action occurred in the city and county of Denver, State of Colorado.

8. Upon information and belief, at all times relevant to this action, the Premises is and was owned by and in the possession of the City and County of Denver.

9. Upon information and belief, at all times relevant to this action, Defendant United Airlines, Inc. is and was allowing Commuteair to conduct business under their name.

10. Upon information and belief, at all times relevant to this action, Defendant Commuteair LLC was operating the flight Mr. Stebbins was boarding.

11. At all times relevant to this action, Mr. Stebbins was an invitee.

12. On or about March 7, 2022, Mr. Stebbins followed flight attendants' instructions for boarding the plane and began to board an airplane in which he had reservations to fly as a passenger.

13. To board the flight, Mr. Stebbins entered a ramp leading to the plane, where he slipped on ice and was severely injured.

14. The patch of ice was a dangerous condition on the Premises.

15. The dangerous condition on the Premises was not one ordinarily present on the type of property.

16. Mr. Stebbins was not warned of the dangerous condition.

17. The Defendants did not keep said Premises in a reasonably save condition for invitees, including Plaintiff.

18. As a result of his slip and fall, Mr. Stebbins suffered injuries, damages and/or losses including, but not limited to, prescriptive medications, medical services, permanent

3 | P a g e

physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of consortium and loss of enjoyment of life.

19. A portion of Plaintiff's injuries, damages and/or losses are permanent.

20. Mr. Stebbins did not contribute in any way to the injuries he sustained.

**FIRST CLAIM FOR RELIEF: PREMISES LIABILITY**
**ALL DEFENDANTS**

21. Plaintiff was an invitee at the time of the incident, as defined under the Colorado Premises Liability Act.

22. At all times relevant, Defendants were landowners as defined under the Colorado Premises Liability Act.

23. As landowners, Defendants owed Plaintiff a duty to exercise reasonable care to protect against dangers of which they knew or should have known.

24. Plaintiff falls into the category of individuals to be protected under said statute.

25. Defendants, acting through their agents, servants, and/or employees were negligent in their ownership, maintenance and/or control of the subject premises insofar as they allowed liquid to accumulate on the floor of the airport.

26. The accumulation of ice constituted a danger on the property.

27. Defendants knew about the dangerous condition on the Premises.

28. Defendants as a reasonable person, should have known about the dangerous condition on the Premises.

29. The Defendants unreasonably failed to use reasonable care to protect Mr. Stebbins against the dangerous condition on the Premises.

30. Defendant unreasonably failed to use reasonable care to warn of the dangerous conditions on the Premises.

31. As a direct and proximate result of the of the Defendants failure, acting through their agents, servants and/or employees, Plaintiff has suffered injuries and damages, including, but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

32. Plaintiff's injuries, losses, and damages are permanent and continuing in nature. Defendants had actual knowledge of the dangerous condition on the Premises.

WHEREFORE, Plaintiff Rodney Stebbins requests that this Honorable Court enter judgment in his favor and against Defendants in an amount which will fully and adequately compensate him for his injuries, damages, and losses sustained as a result of the Defendants' unreasonable failure to exercise reasonable care and failure ensure the ramps of the Premises were free of dangerous hazards, warn of the dangerous hazards that the Defendants actually knew, or should have known, existed on the premises. These injuries, damages, and losses include but are not limited to past, present, and future physical and mental pain and suffering, loss of enjoyment of life, medical expenses, loss of earnings and earnings capacity, inconvenience, and permanent impairment. Furthermore, Mr. Stebbins requests that this Court enter judgment in his favor for interest on his damages from the date of injury of March 7, 2022 in the maximum amount allowed by law, expert witness fees, attorney's fees, costs expended, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted September 28, 2023.

**LAW ONE**

*/s/ Joseph M. Elio*
Joseph M. Elio, #14066
Attorney for Plaintiff
Law One
1434 Blake Street, Suite 200
Denver, Colorado 80202

Address of Plaintiff:
13318 Franklin Street
Thornton, CO 80241